State v. Stockton.

*Appeal from Greene County Probate and Common Pleas Court.*

*E. L. Edwards & Son, with Price & Price,* for Appellants.

*John O'Day,* for respondents.

————o————

STATE OF MISSOURI, Respondent, *vs.* JAMES P. STOCKTON, Appellant.

1. *Criminal law—Self-defense—Stabbing assailant in self-defense, when justifiable—Instructions as to, what improper.*—Where one has reason to apprehend immediate danger that a felony will be committed upon him, he may use whatever force and violence are necessary to protect himself, even though in the fray he wound his assailant with a deadly weapon. And it is not necessary to his justification that a felony was in fact about to be committed. As to whether he was, under the circumstances, justified in employing the weapon, and the

measure of violence used, is a question to be passed on by the jury or the court of review. But an instruction telling the jury that it was felony for one person to strike another with a stick of a designated length and thickness, if the blow was given, or attempted to be given, in such a manner as to inflict great bodily injury, was held improper, and offering a dangerous immunity to assaults under the plea of self-defense.

2. *Instructions should apply to the proof.*—An instruction abstractly correct, but inapplicable to the case, is improper.

*Appeal from Barton County Circuit Court*

*Nathan Bray*, for Appellant, cited in argument, Wagn. Stat., 446, § 4; State vs. Sloan, 47 Mo,, 604; State vs. O'Conner, 31 Mo., 392–3.

*Jno. A. Hockaday. Att'y Gen'l*, for State, cited, 37 Mo., 343; 49 Mo., 282; 3 Blackst. Com., 129; 2 Arch. Crim. L., 44a, and notes; 31 Mo., 117; 4 Tex., 260; 1 Russ., Crimes, 756; State vs. Sloan, 47 Mo., 612.

WAGNER, Judge, delivered the opinion of the court.

The defendant was convicted of assault with intent to kill, and the only ground of complaint now urged for a reversal, is the refusal of the court to give the second and fifth instructions.

The second instruction was given with an alteration made by the court, against the defendant's objection. It told the jury that if they believed from the evidence that A. J. Stockton struck the defendant with a large stick two feet long, and three or four inches in thickness, before the defendant struck the said A. J. with a knife, and that the stick was such a weapon as could or did inflict great personal injury on the defendant, and that there was reasonable cause to apprehend a design on the part of the said A. J. Stockton to do any great personal injury to the defendant, and that there was reasonable cause to apprehend immediate danger of such design being accomplished (and that such cutting was reasonably necessary to prevent it), then such cutting and striking by the defendant was justifiable, and the defendant should be found not guilty. The words included in brackets "and that

such cutting was reasonably necessary to prevent it," were inserted by the court, and of this the defendant complains.

The fifth instruction declared that it was a felony for one person in anger to strike another with a stick of the length of two feet, and of the thickness of two inches, if done in such manner as to inflict great personal injury, or if attempted to be so done, and if the jury believe from the evidence that the defendant cut and stabbed A. J. Stockton after he had struck the defendant with such a stick, with sufficient force to knock him down, or if they believed that there was reasonable cause on the part of the defendant to apprehend a design to commit a felony by said A. J. Stockton on him, or do him some great bodily injury, and that there was reasonable cause to apprehend immediate danger of such design being accomplished, then such cutting and stabbing was justifiable, and the verdict should be "not guilty." The court had previously instructed for the defendant, that although the jury might believe from the evidence that the defendant cut and stabbed A. J. Stockton, yet if the same was done in self-defense, or not done feloniously, on purpose, and of his malice aforethought, the verdict should be in his favor.

The statute (Wagn. Stat., 446, § 4) makes homicide justifiable, where there shall be reasonable cause to apprehend a design to commit a felony, or to do some great personal injury, and there shall be reasonable cause to apprehend immediate danger of such design being accomplished. When a person apprehends that some one is about to do him great bodily harm, and there is reasonable ground for believing the danger imminent that such design will be accomplished, he may safely act on appearances, and even kill the assailant, if that be necessary to avoid the apprehended danger; and the killing will be justifiable, although it may afterwards turn out that the appearance was false. But he must act at his peril from the force of the circumstances in which he is placed, for that is a matter which will be subject to judicial review. It is not essential that an actual felony should be about to be committed, in order to justify the defendant in

acting in self defense. If the circumstances are such as that, after all reasonable caution, the party suspects that the felony is about to be immediately committed, he will be justified. (Roscoe Crim. Ev., 639.)

The statute and the principles above announced, apply where a homicide has been actually committed; but they may be made equally applicable in all cases where it is necessary for a party to act in self-defense, in order to screen himself from the violence of an assailant, provided the facts justify the application. But it does not necessarily follow, that because an instruction follows the language of the statute therefore it should be given. Propositions of law may be abstractly correct, but erroneous in the given case, because not applicable to the facts.

The evidence was wholly conflicting. The State's witnesses testified, that in the altercation between the parties A. J. Stockton did not use the stick, whilst defendant's witnesses say that he hit defendant once or twice with the stick which he had in his hands.

The case, as made by the evidence, at most amounts only to an aggravated battery. Where a battery is committed, the assailed party is at liberty to use whatever force may be necessary to repel it and protect himself, but he must use no more force or violence than may be necessary to accomplish the object. And the jury are the sole judges as to the time when the assaulted party may strike, and the degree of force he may use to prevent violence and injury to himself. This was the view taken by the court, when in the instruction it told the jury that the cutting was justifiable if it was reasonably necessary to prevent bodily harm or injury to the defendant.

The fifth instruction is liable to the same objection as the second, and is liable to the further objection that it assumes that it is a felony for one person to strike another with a stick of the description therein mentioned, if done in such a manner as to inflict great personal injury, or if attempted to be so done. This would be carrying the doctrine to a most

dangerous extent and would grant an immunity to men who resort to violence on the smallest pretext, utterly incompatible with the peace and welfare of society.

On the law of self defense the instruction of the court was most favorable to the defendant, and he appears to have had a fair trial, and the judgment should be affirmed. Judges Napton and Sherwood concur; Judges Vories and Hough absent.